

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00249-CR

---

MARTY SHEA MONTGOMERY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 084256-A-CR, Honorable Dee Johnson, Presiding

---

April 2, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Marty Shea Montgomery, Appellant, appeals his conviction for burglary of a building, a state jail felony.[1]  In two issues, Appellant challenges the sufficiency of the evidence supporting his conviction and the imposition of prospective attorney's fees.  We modify and affirm as modified.

---

[1] TEX. PENAL CODE § 30.02(a), (c)(1).

BACKGROUND

On the morning of June 21, 2023, Danny Davidson received a notification on his cell phone from a motion-activated game camera he had installed on property he owned in Potter County. Photographs from the camera showed two men standing near storage containers Davidson kept on the property. At trial, Davidson identified Appellant as one of the men. One photograph showed Appellant at the back of the storage container by the locking mechanism. Another depicted the other man carrying items out of the storage container. Davidson got in his car and made the short drive to his property, arriving within two or three minutes. He saw a white van parked outside his fence and observed the two men "carrying stuff from the storage containers to the van." Davidson called 911. The two men got into the white van and started to leave, but Davidson placed his car at the entrance to the property to prevent their departure. He exited his car and told the men not to leave. The van then turned and crossed a ditch to avoid Davidson, who pursued them on the Interstate-40 service road. As he followed the van, Davidson saw items being thrown from the window on its passenger side, which was occupied by Appellant. Davidson identified items that were thrown onto the roadway as his property. He continued to follow the van until it was stopped by law enforcement. Davidson returned to his storage containers and saw that the locks he used to secure them had been cut off, apparently by a grinder. Officers recovered a cordless Ryobi grinder, with the name "Marty" on it, from the back seat of the van.

When questioned by law enforcement, Appellant denied any involvement with the driver of the van and with the theft itself. He stated that he had simply asked for a ride to get a Coke but that the driver made a detour to Davidson's property. According to

2

Appellant, the men were on the property to turn around and they never got out of the vehicle. Appellant was arrested and charged by indictment with burglary of a building. The matter proceeded to trial, at which Appellant entered a plea of "not guilty." The jury found Appellant guilty as charged. The trial court assessed punishment at twenty-four months' confinement, and this appeal followed.

## ANALYSIS

Sufficiency of the Evidence

In his first issue, Appellant contends that the evidence is insufficient to support his conviction for burglary. Specifically, Appellant argues that the State proved neither his intent to commit theft nor his entry into Davidson's building. We review Appellant's sufficiency of the evidence challenge under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. We defer to the jury's determinations regarding the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 901.

A person commits burglary of a building if, without the owner's effective consent, the person enters a building with intent to commit a felony, theft, or an assault. TEX. PENAL CODE § 30.02(a)(1). Evidence of entry is not required to sustain a burglary conviction. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). Further, if a jury is instructed under the law of parties, as it was here, the State does not have to prove

3

a defendant himself entered the property. *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

Davidson testified that he saw Appellant and another man present at the crime scene. Appellant had no permission to be on the property, to enter the storage container, or to help someone else enter the storage container. Davidson saw the men carry items from his storage containers to a white van. He further testified that the door to the storage container, which he had locked using a disc lock, was open, and that the lock appeared to have been cut with a grinder tool. A grinder labeled with Appellant's name was found inside the van. Davidson saw items of his personal property being thrown from the passenger side of the van as he followed it. He identified Appellant as the person occupying the passenger seat of the van.

Given the evidence, we conclude a rational jury could have inferred Appellant entered the storage container or that Appellant was at least a party to the burglary of Davidson's building. *See Wilkerson v. State*, 874 S.W.2d 127, 129 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (under law of parties, person can be guilty of burglary if he acts together with another in commission of offense, even if he does not personally enter burglarized premises).

Similarly, the evidence at trial supports the conclusion that Appellant had the requisite intent to commit theft. A photograph depicted Appellant standing by the storage container's locking mechanism. The lock was later found to have been cut, apparently with a grinder, and a grinder with Appellant's name on it was found in the getaway van. Additionally, Davidson saw Appellant carrying items from the storage container to the van. As Davidson pursued the two men, Appellant threw Davidson's property out of the moving

4

van, which could indicate consciousness of guilt. *See Jaramillo v. State*, No. 07-15-00192-CR, 2016 Tex. App. LEXIS 3685, at *3 (Tex. App.—Amarillo Apr. 8, 2016, no pet.) (mem. op., not designated for publication) (defendant's attempt to distance himself from jacket containing drugs could reasonably be interpreted as consciousness of guilt or consciousness of contraband). A rational jury could have inferred Appellant acted with the intent to commit theft.

Thus, viewing the evidence in the light most favorable to the verdict, we find a rational factfinder could have found, beyond a reasonable doubt, that Appellant burglarized the building. We overrule Appellant's first issue.

Attorney's Fees

In his second issue, Appellant argues that the provision in the Bill of Cost allowing for prospective recovery of attorney's fees should be deleted. The State agrees with Appellant's contention.

The record reflects that Appellant was determined to be indigent and that no intervening material change of circumstances was established. A trial court errs if it orders reimbursement of court-appointed attorney's fees without record evidence demonstrating a defendant's financial resources to offset the costs of legal services. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Although the Bill of Cost does not make a present assessment of attorney's fees, it allows for the assessment of such fees at a future date by stating that "other fees may be applied at a later date," and specifically referencing payment of a court-appointed attorney as such a potential fee.

We delete a statement in a certified bill of costs authorizing the assessment of attorney's fees at a later date when such an assessment is unsupported by evidence of a material change in the defendant's financial circumstances. *See, e.g., Rosales-Ayala v. State*, No. 04-15-00226-CR, 2016 Tex. App. LEXIS 1306, at *2–3 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op., not designated for publication) (deleting assessment of attorney's fees from bill of cost in amount "to be determined" where trial court did not order defendant to pay fees for appointed counsel and no evidence of any material change in financial circumstances was presented); *see also Woodard v. State*, No. 07-23-00377-CR, 2024 Tex. App. LEXIS 4642, at *9–10 (Tex. App.—Amarillo July 2, 2024, no pet.) (mem. op., not designated for publication) (reforming judgment to delete provision to pay court-appointed attorney's fees in absence of evidence defendant had ability to pay). Nothing in the record indicates that the trial court found Appellant had the financial resources to pay attorney's fees. Therefore, we sustain Appellant's second issue.

## CONCLUSION

We overrule Appellant's first issue and sustain his second. Accordingly, we modify the Bill of Cost to delete the entry related to an "Order to Pay court appointed attorney." In all other respects, the judgment is affirmed.

Judy C. Parker
Chief Justice

Do not publish.

6